UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE O'COIRBHIN,<br><br>    Plaintiff,<br><br>    v.<br><br>PNC BANK, NATIONAL ASSOCIATION,<br><br>    Defendant. | Case No. 25-cv-00333-SK<br><br>**ORDER ON MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Regarding Docket No. 26 |

This matter comes before the Court upon consideration of the motion to dismiss filed by Defendant PNC Bank, National Association (erroneously sued as the PNC Financial Services Group, Inc dba PNC Bank, Incorporated in Pennsylvania) ("Defendant"). Having carefully considered the parties' papers, relevant legal authority, the record in the case, and having had the benefit of oral argument, the Court hereby GRANTS Defendant's motion for the reasons set forth below.

**BACKGROUND**

Plaintiff Jose O'Coirbhin brings this action to contest the foreclosure sale on the property located at 1588 Quesada Avenue in San Francisco, California (the "Property"). This motion concerns his Second Amended Complaint ("SAC"). As this is Plaintiff's third complaint and Defendant's third motion to dismiss, the Court will not describe the facts again other than to state that Plaintiff did not add any new substantive factual allegations in his SAC.

In his SAC, Plaintiff now limits his claims to two – one for wrongful foreclosure and one for injunctive relief. Despite the fact that the Court denied Defendant's previous motion to dismiss Plaintiff's initial complaint as to Plaintiff's claim for breach of contract to the extent it was based on Defendant's foreclosure, Plaintiff failed to include this breach of contract claim in his SAC.

In the Order granting the motion to dismiss Plaintiff's First Amended Complaint ("FAC"), the Court provided Plaintiff with leave to amend for his claims for breach of contract to the extent it was based on Defendant's conduct with respect to the automatic payment program, breach of the covenant of good faith and fair dealing claim, misrepresentation, and wrongful foreclosure. (Dkt. No. 24.) The Court explained that it had previously explained the necessary information that was missing from Plaintiff's Complaint. (Dkt. No. 24 (citing Dkt. No. 13).) The Court further noted:

> Unfortunately, Plaintiff did not appear to review that Order carefully to cure the defects. Additionally, in light of Plaintiff's failure to do so, the Court provided a Notice of Questions in advance of the hearing to highlight the necessary allegations that were missing from Plaintiff's FAC. Unfortunately, it appears as though Plaintiff still did not carefully review the Court's Notice of Questions and was unprepared at the hearing.

(*Id*.) Because the carelessness appeared to be that of counsel, in order to avoid punishing Plaintiff for his Counsel's errors, the Court provided Plaintiff with *one final opportunity to amend* his claims. (*Id*. (emphasis added).)

In addition, the Court had earlier admonished Plaintiff and Plaintiff's counsel that the Court would not overlook this type of carelessness again and directed Plaintiff's counsel to provide a copy of the Order to Plaintiff and to file a proof of service by no later than May 12, 2025. (*Id*.) Plaintiff's counsel failed to file the requisite proof of service. After the Court posted a notice of questions and asked about Plaintiff's failure to do so, Plaintiff's counsel filed a proof of service stating that he served Plaintiff with a copy of the Order on May 22, 2025, ten days after the Court's deadline. (Dkt. Nos. 30, 32.)

**ANALYSIS**

**A.     Applicable Legal Standard on Motion to Dismiss.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. On a motion to dismiss under Rule 12(b)(6), the Court construes the allegations in the complaint in the light most favorable to the non-moving party and takes as true all material allegations in the complaint. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Rather, a plaintiff must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g. Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Lieche, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

As a general rule, "a district court may not consider material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds, Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted). However, documents subject to judicial notice, such as matters of public record, may be considered on a motion to dismiss. *See Harris v. Cnty of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2011). In doing so, the Court does not convert a motion to dismiss to one for summary judgment. *See Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991). "The court need not . . . accept as true allegations that contradict matters properly subject to judicial notice . . . ." *Sprewell v. Golden State Warriors*, 266 F. 3d 979, 988 (9th Cir. 2001).

**B.    Defendant's Motion to Dismiss.**

The Court will address each of Plaintiff's claims in turn.

**1.    Breach of Contract.**

The Court held that Plaintiff sufficiently stated a claim for breach of contract based on Defendant's foreclosure and denied Defendant's motion as to Plaintiff's claim for breach of contract to the extent it is based on Defendant's precluding Plaintiff from curing his default. (Dkt.

No. 13.) However, the Court dismissed Plaintiff's claim for breach of contract to the extent it was premised on Defendant's automatic payment program. (Dkt. Nos. 13, 24.) Although the Court provided Plaintiff with leave to amend this claim, he did not elect to do so and did not continue to bring this claim for breach of contract at all, even on the grounds that the Court held was sufficiently pled. At the hearing, Plaintiff requested an opportunity to replead the one claim the Court had found sufficiently pled. So as to not harm Plaintiff from his counsel's carelessness, the Court will provide *one final opportunity* to amend. Plaintiff may replead his breach of contract claim, but only to the extent it is based on Defendant's precluding Plaintiff from curing his default. The Court is not providing leave to allege a breach of contract claim based on the automatic payment program.

### 2.     Breach of the Implied Covenant of Good Faith and Fair Dealing.

"[U]nder California law, all contracts have an implied covenant of good faith and fair dealing." *In re Vylene Enterprises, Inc.*, 90 F.3d 1472, 1477 (9th Cir. 1996) (citing *Harm v. Frasher*, 181 Cal. App. 2d 405, 417 (1960)). The covenant "exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive the benefits of the agreement actually made." *Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 349 (2000). However, the covenant "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." *Id*. Thus, to the extent a plaintiff seeks to impose limits "beyond those to which the parties actually agreed, the [implied covenant] claim is invalid. To the extent the implied covenant claim seeks simply to invoke terms to which the parties did agree, it is superfluous." *Id*. at 352 (emphasis in original); *see also Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (1990) (holding that if the allegations supporting a claim for breach of the implied covenant of good faith and fair dealing "do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated."). "The central teaching of *Guz* is that in most cases, a claim for breach of the implied covenant can add nothing to a claim for breach of contract." *Lamke v. Sunstate Equipment Co., LLC.*, 387 F. Supp. 2d 1044,

1047 (N.D. Cal. 2004).

A plaintiff may bring a claim for breach of the implied covenant where the plaintiff alleges that the defendant acted in bad faith to frustrate the contract's benefits. *See Guz*, 24 Cal. 4th at 353 n. 18 (acknowledging that "the covenant might be violated if termination of an at-will employee was a mere pretext to cheat the worker out of another contract benefit to which the employee was clearly entitled . . . ."); *see also McCollum v. XCare.net, Inc.*, 212 F. Supp. 2d 1142, 1153 (N.D. Cal. 2002) (applying California law). It is well established that "the scope of conduct prohibited by the covenant of good faith is circumscribed by the purposes and express terms of the contract." *Carma Developers (Cal.), Inc. v. Marathon Dev. California, Inc.*, 2 Cal. 4th 342, 373 (1992). "The implied covenant of good faith and fair dealing rests upon the existence of some specific contractual obligation." *Racine & Laramie, Ltd. v. Dep't of Parks & Recreation*, 11 Cal. App. 4th 1026, 1031 (1992) (citing *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 683-84, 689-90 (1988)). "The covenant of good faith is read into contracts in order to protect the express covenants or promises of the contract, not to protect some general public policy interest not directly tied to the contract's purpose." *Foley*, 47 Cal. 3d at 690.

As the Court explained in the Order granting Defendant's first and second motions to dismiss, the basis for Plaintiff's breach of the covenant of good faith and fair dealing claim was unclear. The Court explained that if Plaintiff amended this claim, he:

> should take care to explain on what specific contract terms it is based and how he alleges that Defendant acted in bad faith to frustrate the contract's benefits. In addition, to the extent the claim is premised on an oral agreement or promise, Plaintiff should take care to allege facts sufficient to show, if true, why the statute of frauds would not preclude such a claim.

(Dkt. Nos. 13, 24.) Additionally, in the questions posted for the hearing on Defendant's motion to dismiss Plaintiff's FAC, Plaintiff's FAC still failed to identify the specific contract terms upon which he relies for this claim. The Court explained that while Plaintiff argued at the hearing that he was relying on the underlying loan agreement, he still failed to identify any actual terms within the agreement on which he alleged to support his claim for breach of the covenant of good faith and fair dealing. (Dkt. No. 24.) Thus, the Court *again* dismissed Plaintiff's claim for breach of

the covenant of good faith and fair dealing claim and provided *one more opportunity* to amend this claim. (*Id*.) *Again*, "the Court admonishe[d] Plaintiff that he shall clearly allege the *specific contract terms* upon which he relies for this claim and how Defendant acted in bad faith to frustrate the benefits of these terms. (*Id*. (emphasis added).)

Instead of alleging the specific contract terms on which Plaintiff relies to allege a breach of the implied covenant of good faith and fair dealing, Plaintiff dropped this claim and added a conclusory statement in his wrongful foreclosure claim that Defendant violated the "covenant of good faith and fair dealing implied in all contracts, including Plaintiff's mortgage and forbearance agreement, by making false promises, failing to deliver critical documents, and ignoring Plaintiff's repeated attempts to reinstate the loan." (Dkt. No. 25 (SAC) at ¶ 24.) This conclusory allegation fails to address the defects the Court has repeatedly emphasized. Again, Plaintiff fails to identify *any* contract terms on which he relies for the breach of the implied covenant. Including the alleged breach of the implied covenant within his wrongful foreclosure claim does not lessen his burden to state a claim premised on the implied covenant. Because, as he was clearly admonished, this was Plaintiff's last opportunity to amend his allegations to support this claim, the Court dismisses his wrongful foreclosure claim to the extent it is premised on a breach of the implied covenant of good faith and fair dealing and will not provide leave to amend.

### 3. Fraudulent Misrepresentation.

"The elements of a cause of action for intentional misrepresentation are (1) a misrepresentation, (2) with knowledge of its falsity, (3) with the intent to induce another's reliance on the misrepresentation, (4) actual and justifiable reliance, and (5) resulting damage." *Daniels v. Select Portfolio Serv., Inc.*, 246 Cal. App. 4th 1150, 1166 (2016). Moreover, where, as here, a plaintiff alleges fraud, Federal Rule of Civil Procedure 9(b) ("Rule 9(b)") requires the plaintiff to state with particularity the circumstances constituting fraud, including the "who, what, when, where, and how" of the charged misconduct. *See Vess v. Ciba Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547-49 (9th Cir. 1994). The particularity requirement is satisfied if the complaint "identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations." *Moore v. Kayport*

*Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989); *see also Vess*, 317 F.3d at 1106 ("Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong.") (internal quotation marks and citations omitted). Additionally, when a party pleads fraud against a corporation, as Plaintiff does here, the party must allege "the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991); *see also Dubin v. BAC Home Loans Servicing,* 2011 WL 794995, *5-6 (N.D. Cal. Mar. 1, 2011).

The Court granted Defendant's first motion to dismiss this claim because Plaintiff only vaguely alleged that Defendant made "various fraudulent and intentional misrepresentations" but failed to identify what the statements were, when they were made, and who made them. Moreover, Plaintiff failed to allege how he relied on any alleged misrepresentations to his detriment. (Dkt. No. 13.) In his FAC, Plaintiff again alleged that "Defendants, and each of them, made various fraudulent and intentional misrepresentations of fact". (Dkt. No. 14 at ¶ 41.) Although the Court gave notice to the parties before the hearing on the motion to dismiss the FAC, Plaintiff was still unable to clearly state what the specific statements were, how they were false, who made them, and when. The Court thus granted the motion to dismiss his misrepresentation claim in Plaintiff's FAC and noted that it was providing "Plaintiff with *one more opportunity* to amend this claim." (Dkt. No. 24 (emphasis added).) The Court, again, admonished Plaintiff to "clearly allege the specific statements, how they were false, who made them, when they were made, and how Plaintiff relied to his detriment on such statement or statements." (*Id*.)

Similar to the breach of the claim for implied covenant of good faith and fair dealing, Plaintiff elected not to amend this claim. Instead, Plaintiff inserted a phrase that Defendant made false promises in his wrongful foreclosure claim. (Dkt. No. 25 at ¶ 24.) Again, Plaintiff failed to cure the defects repeatedly highlighted by the Court. As noted above, including an allegation regarding false promises in his wrongful foreclosure claim does not lessen Plaintiff's burden to

7

1  sufficiently state a claim premised on a misrepresentation. Because, as he was clearly
2  admonished, this was Plaintiff's last opportunity to amend his allegations to support this claim, the
3  Court dismisses his wrongful foreclosure claim to the extent it is premised on any
4  misrepresentation or false promise and will not provide leave to amend.

### 4. Wrongful Foreclosure.

To state a claim for wrongful foreclosure, a plaintiff must allege the following: "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale . . . was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering." *Sciarratta v. U.S. Bank Nat'l Ass'n*, 247 Cal. App. 4th 552, 561-62 (2016) (quoting *Miles v. Deutsche Bank Nat'l Tr. Co.*, 236 Cal. App. 4th 394, 408 (2015)).

As the Court previously explained, to bring a claim for wrongful foreclosure under the HBOR, a plaintiff must allege, pursuant to California Civil Code § 2924.15, that the property at issue is "owner-occupied", meaning that it is the borrower's principal residence. *Warren v. PNC Bank Nat'l Ass'n*, 671 F. Supp. 3d 1035, 1042 (N.D. Cal. 2023) (citing Cal. Civ. Code § 2924.15); *see also Mulato v. Wells Fargo Bank, N.A.*, 76 F. Supp. 3d 929, 957 (N.D. Cal. 2014). California Civil Code § 2924.15 provides, in pertinent part, "paragraph (5) of subdivision (a) of Section 2924 and Sections 2923.5, 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, and 2924.18 shall apply only to a first lien mortgage or deed of trust that is secured by owner-occupied residential real property[.]"

In addition to Plaintiff's references to the covenant of good faith and fair dealing and to false promises addressed above, Plaintiff also relies on alleged violations of California Civil Code §§ 2923.5, 2924b, and 2924c to support his wrongful foreclosure claim. California Civil Code § 2924.15 specifically identifies California Civil Code § 2923.5 as one of the sections that only applies "to a first lien mortgage or deed of trust that is secured by owner-occupied residential real property." Cal. Civ. Code § 2924.15. In light of Plaintiff's allegations that he was renting the Property and it was not his primary residence when it was sold at the Trustee sale, Plaintiff is

precluded on bringing a wrongful foreclosure claim premised on California Civil Code § 2923.5.

In terms of California Civil Code § 2924b, this statute requires that, within ten business days after any notice of default is recorded, the mortgagee, trustee, or other person authorized to record the notice of default or the notice of sale must mail a copy of the notice of default by registered or certified mail to the trustor or mortgagor.  Cal. Civ. Code § 2924b(b)(1).  The Notice of Default was recorded on November 23, 2023.  (Dkt. No. 27 (Defendant's Request for Judicial Notice), Ex. C.)  Plaintiff attached to his initial complaint and FAC a document right after part of the Notice of Default, stating that it was mailed to Plaintiff at an address in Pinole, California on December 1, 2023.  (Dkt. No. 1-1 at p. 24; Dkt. No. 14 at p. 23.)  At the hearing held on August 4, 2025, Plaintiff argued that Defendant did not actually mail the Notice of Default, despite the language of the document.  However, Plaintiff has not alleged any facts to support this argument.  Therefore, as currently pled, Plaintiff fails to state a claim for wrongful foreclosure based on California Civil Code § 2924b.  Because it may not be futile, the Court will provide Plaintiff with *one final opportunity* to amend his wrongful foreclosure claim to the extent it is premised on California Civil Code § 2924b.  Plaintiff is admonished that he must allege facts to support this claim, including facts that, if true, would be sufficient to state a claim despite the statement in the document he attached to his complaints that the Notice of Default was mailed to him on December 1, 2023.

California Civil Code § 2924c(b)(1) provides: "Upon your *written* request, the [lender] will give you a written itemization of the entire amount you must pay". (emphasis added)); *see also Carson v. Bank of Am. NA*, 611 F. App'x 379, 380-81 (9th Cir. 2015) (plaintiffs' claim under Section 2924c was deficient due to their failure to plead they made a request in *writing* regarding arrearage amount); *see also Vazquez v. Wells Fargo Bank N.A.*, 2017 WL 4679726, at *3 (C.D. Cal. June 5, 2017) (granting summary judgment on claim under California Civil Code § 2924c where plaintiff never made a *written* request for a reinstatement quote).  Plaintiff does not allege that he made any written requests for an itemization of the amount due.  (Dkt. No. 1-1 at ¶¶ 17-19 (alleging that he called on May 2, 3, and 10, 2023; Dkt. No. 14 (same)).  He further alleges that he called the law firm several times.  (Dkt. No. 1-1 at ¶ 22, 24, 25; Dkt. No. 14 (same).)  In light of

Plaintiff's allegations that all his requests for the payoff amount were through calls, Plaintiff fails to allege a claim for wrongful foreclosure claim premised on California Civil Code § 2924c. The Court thus grants Defendant's motion to dismiss Plaintiff's claim for wrongful foreclosure. The Court is only providing Plaintiff with leave to amend to the extent his wrongful foreclosure claim is premised on California Civil Code § 2924b.

In addition, Plaintiff is admonished that he is required to clarify his allegations regarding tender. In the Order on the motion to dismiss Plaintiff's FAC, the Court stated:

> If Plaintiff elects to amend, he shall also clarify his allegations regarding tender, including whether he attempted to tender the full amount owed under the loan or merely the amount he was in default. Moreover, to the extent Plaintiff did not tender the full amount required, he shall allege facts sufficient to establish that tender was not actually required. Confusingly, in response to the Court's question regarding what amount was needed to be tendered, Plaintiff cited *Glaski v. Bank of Am.*, 218 Cal. App. 4th 1079(2013) at the hearing for the proposition that tender is not owed to bring a claim for wrongful foreclosure if the foreclosure was based on fraud. What *Glaski* actually states is that "[t]ender is not required where the foreclosure sale is void, rather than voidable, such as when a plaintiff proves that the entity lacked the authority to foreclose on the property." *Id*. at 1100. To date, Plaintiff has not alleged that Defendant lacked authority to foreclose on the property.

(Dkt. No. 24.) Despite the Court's admonition to clarify in any amended complaint "his allegations regarding tender, including whether he attempted to tender the full amount owed under the loan or merely the amount he was in default", Plaintiff failed to do so in his SAC. At the hearing, Plaintiff's counsel stated that Plaintiff could not plead, in good faith, that he could have tendered the full amount owed under the loan and not just the amount he was in default. If Plaintiff elects to amend, because he cannot allege in good faith that he tendered or attempted to tender the full amount owed under the loan, he shall allege facts sufficient to establish that tender was not actually required. Plaintiff is again reminded that this will be his *final opportunity* to amend his complaint to allege the factual basis for his claims. Plaintiff should take care to carefully review and amend his allegations in accordance with this Order.

**5.    Injunctive Relief.**

As the Court explained in the Order on the first motion to dismiss:

> to rescind the Trustee sale, as opposed to merely recover damages from Defendant, Plaintiff must allege facts sufficient to show that the purchaser was not a bona fide purchaser. A bona fide purchaser ""is one who pays value for the property without notice of any adverse interest or of any irregularity in the sale proceedings." *Melendrez v. D & I Inv., Inc.*, 127 Cal. App. 4th 1238, 1250 (2005). "If the trustee's deed recites that all statutory notice requirements and procedures required by law for the conduct of the foreclosure have been satisfied, a rebuttable presumption arises that the sale has been conducted regularly and properly; this *presumption* is *conclusive* as to a *bona fide purchaser*." *Moeller v. Lien*, 25 Cal. App. 4th 822, 831 (1994) (emphasis added). As a result, if the Property were sold to a bona fide purchaser, he would have "no right to set aside a trustee's deed as against a bona fide purchaser for value by attacking the validity of the sale." *Id.* Instead, Plaintiff would be limited to seeking damages from Defendant. *Id.* at 832.

(Dkt. No. 13.) In his FAC, Plaintiff continued to seek recission of the Trustee sale without alleging any facts that the purchaser was not a bona fide purchaser. At the hearing on the motion to dismiss Plaintiff's FAC, Plaintiff's counsel conceded that Plaintiff was not seeking rescission of the sale and, instead, is only seeking damages. The Court instructed Plaintiff that if he elected to amend his complaint again, he should carefully review his allegations and omit the request for rescission. (Dkt. No. 24.) Despite Plaintiff's counsel's representation and the Court's admonition, Plaintiff *again* sought recission of the sale in his SAC but again did not allege any facts that, if true, would show that the purchaser was not a bona fide purchaser. Again, at the hearing on the motion to dismiss Plaintiff's SAC, the Court asked whether he was trying to rescind the sale, and Plaintiff's counsel again said no. Counsel admitted that he had no information to indicate that the purchaser was not a bona fide purchaser. Therefore, Plaintiff cannot seek recission. When asked about what other injunctive relief Plaintiff sought, Plaintiff's counsel responded that he was seeking to prevent further transfers of the property. The current owner is not a defendant in this lawsuit. Thus, it is not clear how the Court could enjoin further transfers of the property.

Because Plaintiff has not pled any basis for seeking injunctive relief, the Court grants Defendant's motion to dismiss this claim and any request for injunctive relief in Plaintiff's SAC. Moreover, because Plaintiff has repeatedly conceded that he has no basis to seek injunctive relief, Plaintiff's request for injunctive relief is dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss. The Court

is only providing leave to amend the following two claims: (1) breach of contract based on Defendant's precluding Plaintiff from curing his default and (2) wrongful foreclosure based on a violation of California Civil Code § 2924b.  If Plaintiff elects to amend his wrongful foreclosure claim, he is admonished that he must allege facts that, if true, would be sufficient to state a claim despite the statement in the document he attached to his complaints that the Notice of Default was mailed to him on December 1, 2023.  In addition, if Plaintiff elects to amend, he shall allege facts sufficient to establish that tender of the entire amount of the loan was not actually required.

Plaintiff's counsel is directed to *carefully read* this Order and the previous Orders on the other two motions to dismiss.  (Dkt. Nos. 13, 24.)  Plaintiff shall file an amended complaint, if any, by no later than August 26, 2025.  **Plaintiff is again reminded that this will be his final opportunity to amend his complaint to allege the factual basis for his claims**.  If Plaintiff files a Third Amended Complaint in violation of this Order – for example, by adding claims that the Court does not permit or failing to provide factual allegations to support a claim – the Court will entertain a motion for sanctions.

The Court ORDERS Plaintiff's counsel to provide a copy of this Order to his client and file a proof of service by no later than August 12, 2025.  Failure to do so will result in an Order to Show Cause why sanctions should not be issued.

**IT IS SO ORDERED**.

Dated: August 5, 2025

_____
SALLIE KIM
United States Magistrate Judge