UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE O'COIRBHIN,<br><br>    Plaintiff,<br><br>    v.<br><br>PNC FINANCIAL SERVICES GROUP, INC.,<br><br>    Defendant. | Case No. 25-cv-00333-SK<br><br>**ORDER ISSUING SANCTIONS** |

The Court granted Defendant's motion for sanctions under Federal Rule of Civil Procedure 11 ("Rule 11") as unopposed and on the merits, finding that Plaintiff's counsel, John R. Setlich, ("Plaintiff's Counsel") violated Rule 11. (Dkt. No. 50.) The Court directed Defendant to file a brief to address what remedies should be imposed as a result. The Court provided Plaintiff an opportunity to respond by no later than December 31, 2025, but Plaintiff failed to do so.[1] Therefore, the Court finds that Plaintiff and Plaintiff's Counsel have waived any objection to the requested sanctions of dismissal of Plaintiff's claims with prejudice and to Plaintiff's Counsel personally paying Defendant's attorney's fees in the amount of $20,760.

The Court further ordered Plaintiff's Counsel to show cause why he should also not be personally sanctioned in the amount of $1,000 and why the Court should not refer Plaintiff's Counsel to the Standing Committee on Professional Conduct for Disciplinary Proceedings. Plaintiff's Counsel filed a declaration addressing only his failure to apply for admission into the Northern District of California. (Dkt. No. 51.) Plaintiff did not address his violations of Rule 11.

---

[1] The Court made clear that Plaintiff's Counsel could only file a response on behalf of Plaintiff if he became admitted to practice law in the Northern District of California in accordance with the Northern District Civil Local Rules. After that Order was issued, Plaintiff's Counsel went through the process of becoming admitted. Yet, Plaintiff's Counsel failed to file any response to Defendant's requested sanctions.

In light of the other monetary sanctions the Court will award as discussed below, the Court will not issue any additional monetary sanctions. However, the Court does find that Plaintiff Counsel's violations of Rule 11 and his failure to address these violations either in response to Defendant's brief or in response to the Order to Show Cause warrants a referral to the Court's Standing Committee on Professional Conduct. Pursuant to Local Rule 11-6(a)(1), Plaintiff's Counsel is REFERRED to the Court's Standing Committee on Professional Conduct for his failure to practice with the honesty, care, and decorum required for the fair and efficient administration of justice and his failure to discharge all obligations to the Court.

"The district court has wide discretion in determining the appropriate sanction for a Rule 11 violation." *Hudson v. Moore Bus. Forms, Inc.*, 836 F.2d 1156, 1163 (9th Cir. 1987). The sanction, however, "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Here, the Court finds that dismissal of this action is warranted as a sanction under Rule 11. As the Court discussed in the Order granting the motion for sanctions, Plaintiff has the following two remaining claims left in this case: (1) wrongful foreclosure and (2) breach of contract. (Dkt. No. 51.)

The sole basis of Plaintiff's claim for wrongful foreclosure is that Defendant purportedly failed to provide Plaintiff notice of the default before foreclosing on the property in violation of California Civil Code § 2924b. (Dkt. No. 39 (Third Amended Compl.) at ¶¶ 31-39.) California Civil Code § 2924b required Defendant to send a copy of the notice of default by registered or certified mail to Plaintiff's last known address. Cal. Civ. Code § 2924b(b)(1). Plaintiff alleges that for years he had not lived at the home where Defendant mailed the notice of default. (Dkt. No. 39 at ¶ 13.) However, Plaintiff's Counsel previously filed a verified complaint on Plaintiffs' behalf, sworn under penalty of perjury, that the address to which Defendants mailed the notice of default was and had been Plaintiff's residence when the notice was mailed. (Dkt. No. 46-1, Ex. A at ¶ 1.) Despite being given multiple opportunities to explain this direct contradiction, Plaintiff never has. Moreover, this issue is critical to the claim Plaintiff brings. If, as Plaintiff alleged under penalty of perjury, that his residence was the location to which Defendant mailed the notice of default, he cannot state a claim for wrongful foreclosure under California Civil Code § 2924b.

Because the basis of this claim is factually baseless due to Plaintiff's prior sworn statement filed by Plaintiff's Counsel, the Court finds that dismissal of this claim is warranted.

Plaintiff's only other claim for breach of contract claim is premised on Defendant's purported failure to provide Plaintiff with the requested reinstatement quote. (Dkt. No. 39 at ¶¶ 16, 18, 19.) However, again, the factual basis for this claim appears to be baseless. Before Plaintiff filed his Third Amended Complaint, on three occasions, Defendant's counsel sent Plaintiff's Counsel the email with the reinstatement quote that had been sent to Plaintiff. Plaintiff never addressed the email with the reinstatement quote in his Third Amended Complaint or in response to the motion for sanctions. Thus, again, the Court finds that dismissal of this claim is warranted. Thus, the Court, as a sanction, dismisses Plaintiff's claims with prejudice.

In addition, the Court finds that awarding Defendant their attorney's fees incurred in defending these two claims and in bringing the motion for sanctions is warranted in order to deter Plaintiff's Counsel from such improper conduct in the future. Defendant submitted proof that it incurred $20,760 in attorney's fees. (Dkt. No. 52-1.) The Court finds that both the hours expended and the rates charged are more than reasonable. Therefore, the Court AWARDS Defendant $20,760 in attorney's fees. Moreover, the Court finds that Plaintiff's Counsel shall be personally responsible for this sanction as Plaintiff's Counsel was the one who has violated Rule 11. Plaintiff's Counsel shall pay this sanction and file proof of doing so by no later than March 13, 2026.

**IT IS SO ORDERED**.

Dated: January 15, 2026

_____
SALLIE KIM
United States Magistrate Judge